IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MALCOM DWAYNE ELLIS,            )
                                )
            Plaintiff,          )
                                )
                                )  Case No. CIV-20-293-RAW-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Malcom Dwayne Ellis (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be REVERSED and REMANDED.

**Claimant's Background**

The Claimant was 42 years old at the time of the ALJ's decision. He has a high school education and has worked in the past as a waiter. The Claimant first alleged that his inability to work began on January 1, 1997. He later amended this date to March 6, 2018. He claims this inability stems from a back injury, depression, and arthritis.

**Procedural History**

On March 15, 2018, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The Claimant's applications were initially denied and were denied on reconsideration. The Claimant filed a request for a hearing, which was held on November 6, 2019, in McAlester, Oklahoma before ALJ Michael Mannes. On December 12, 2019, ALJ Mannes entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on June 23, 2020. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment

that Claimant had the severe impairment of a spine disorder. (Tr. 21). As for the mental impairments, the ALJ found that Claimant's diagnoses of substance addiction disorder, anxiety, and obsessive-compulsive disorder were not severe. (Tr. 21). He also found that Claimant's alleged disabilities of depression and bipolar disorder were not medically determinable because there was a lack of objective evidence. (Tr. 23). Between step three and four the ALJ determined that Claimant had the following residual functional capacity ("RFC"):

> The [C]laimant has the [RFC] to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), except: occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; frequently balance and occasionally stoop, kneel, crouch or crawl; frequently reach overhead or laterally with the right upper extremity; must alternate sitting and standing every 20 to 30 minutes throughout the workday in order to change positions for a brief position change of less than five minutes but without leaving the workstation.

(Tr. 23). Then, at step four, the ALJ did conclude that this RFC would not allow the Claimant to return to his past relevant work as a waiter. (Tr. 27). Finally, at step five, the ALJ found that

---

is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

when "considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 28). Thus, the ALJ found that the Claimant had not been under a disability since March 6, 2018. (Tr. 29).

### Errors Alleged for Review

The Claimant asserts that the ALJ erred at step two of the analysis and when he determined the Claimant's RFC because he failed to properly evaluate all of the Claimant's limitations and impairments. The Claimant also asserts that the ALJ erred because he failed to order an updated consultative examination. Therefore, his RFC determination was not based on substantial evidence.

### Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal

4

standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### RFC Assessment

The Claimant asserts that the ALJ's findings at step two regarding his mental limitations and chronic pain were not supported by substantial evidence. He also contends that the ALJ erred in his RFC determination because he failed to consider the

5

potential impact of the Claimant's mental limitations and chronic pain on the Claimant's ability to work. The undersigned Magistrate Judge declines to address whether the ALJ made errors at step two because he found at least one severe impairment. Therefore, even if he did error, the error would be harmless and not require a remand. *See e.g. Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008)("[n]evertheless, any error here became harmless when the ALJ reached the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence"); *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016)("the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe").

When assessing a Claimant's RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Wells v. Colvin*, 727 F.3d 1061,1071 (10th Cir. 2013). While the crux of the Claimant's argument seems to be that the ALJ failed to consider his mental impairments when he formulated the RFC, he alleges that the ALJ failed to consider his chronic pain as well. But the Court finds this argument unpersuasive. The ALJ extensively discussed the Claimant's allegations, hearing testimony, and medical evidence regarding his chronic pain. (Tr. 21-27). This included a detailed discussion of

the inconsistencies between the Claimant's testimony and the medical evidence, as well as of the opinion evidence. (Tr. 24-27).

Ultimately, the ALJ fashioned an RFC which included considerations for his lumbar spine pain, such as a sit/stand option and postural limitations. (Tr. 27). Because he adequately discussed his reasoning regarding Claimant's physical limitations, the Court finds no error in his decision regarding Claimant's chronic pain.

While the Court finds that the ALJ did properly consider the Claimant's physical limitations, the same cannot be said regarding his mental limitations. In *Wells*, the Tenth Circuit held that the "conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id*. at 1068-69. When assessing RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Id*. at 1069. "[T]o the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis." *Id*. at 1071. The Tenth Circuit is clear — an ALJ's failure to consider **all** impairments in the RFC analysis is a reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (emphasis added) (citing *Langley v. Barnhart*, 373 F.3d 1116, 1123-4 (10th Cir. 2004).

The Court agrees with the Claimant that the ALJ failed to provide his reasoning behind his finding that the Claimant's mental impairments need not be included in his RFC. Instead, he seems to rely on his finding that the mental impairments were not severe. In fact, the only discussion of the Claimant's mental impairments at step four was why the ALJ was persuaded by the state agency's finding that the Claimant's mental impairments were not severe. (Tr. 26). This is exactly the type of conflation of the step two analysis and step four analysis which the Tenth Circuit warned against in *Wells*.

Further, the ALJ's discussion regarding the determined RFC and his posed hypotheticals to the vocational expert indicate that he only considered the Claimant's severe impairments when he determined his RFC. The ALJ did not even include these mild mental impairments, or any mention of mental impairments, in his hypothetical to the vocational expert ("VE"). (Tr. 60-63). This failure, combined with his failure to adequately discuss the lack of inclusion of medical limitations, indicate that the ALJ impermissibly relied on his finding that these limitations were not severe. His discussion of the mental limitations is simply not enough to determine if the ALJ actually considered the effects of the Claimant's mental impairments when he determined the RFC.

Because the ALJ failed to properly account for the Claimant's mental impairments in determining the RFC, the undersigned

Magistrate Judge concludes that the decision of the Commissioner should be reversed, and the case remanded. On remand, the ALJ should consider all of the Claimant's impairments, and fully explain why certain impairments do not result in limitations in the RFC. If such analysis results in any modification of the Claimant's RFC, the ALJ should then redetermine what work, if any, the Claimant can perform and ultimately whether she is disabled.

As for the Claimant's argument that the ALJ should have ordered an additional consultive examination, the undersigned Magistrate Judge need not fully address the issue. But the Court would note that while the ALJ usually has "broad latitude" when deciding whether or not to order a consultative examination, he should do so if he finds a direct conflict in the medical evidence, the medical evidence is inconclusive, or if additional tests are needed to explain a diagnosis already in the record. *Hawkins v. Charter*, 113 F.3d 1162, 1166 (10th Cir. 1997). Thus, if the ALJ finds any of these true when reevaluating the non-severe impairments impacts on the Claimant's RFC he should order an updated consultative examination.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 25th day of August, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE